UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**LINTONIO S. WEST**            **DOCKET NO. 6:22-cv-0433**
                                                          **SECTION P**

**VERSUS**            **JUDGE ROBERT R. SUMMERHAYS**

**CRAIG CRAWFORD**            **MAGISTRATE JUDGE WHITEHURST**

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, by plaintiff Lintonio S. West., who is proceeding *pro se* and *in forma pauperis* in this matter. West is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Bayou Correctional Center in Tallulah, Louisiana.

## I.     Procedural Background

Plaintiff filed the instant lawsuit on February 10, 2022, alleging that he was wrongfully arrested by defendant Craig Crawford. Rec. Doc. 1, p. 3. He contends that Crawford did not have probable cause to stop and search his vehicle on July 4, 2021, nor did he have probable cause or a warrant to search and seize his two cell phones. *Id*. He asks that his case be dismissed, his record be expunged, and that he receive compensation for pain and suffering, lost wages and lost property. *Id*. at p. 4.

On April 19, 2022, the plaintiff was ordered to amend his complaint to provide additional information regarding his suit and cure certain deficiencies. Rec. Doc. 4. Plaintiff has not filed a response to the Court's order.

### II.     Law and Analysis

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. West has failed to comply with an Order directing him to amend his complaint. This failure on his part warrants dismissal.

### III.     Conclusion

Accordingly,

**IT IS RECOMMENDED** that West's complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen

(14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 8th day of September, 2022.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**